# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1937 | **DATE** | 9/4/2012 |
| **CASE TITLE** | Timothy Strong (M-27715) vs. Leather, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [7] is granted. The Court authorizes and orders Lawrence Correctional Center to deduct $32.82 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Court authorizes and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Lawrence Correctional Center. The Clerk shall also: (1) dismiss Defendants Superintendent Moreci, Tom Dart, and Cook County Jail; (2) issue summonses for service of the complaint on Defendants Leather and Atkins; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Timothy Strong, a prisoner at Lawrence Correctional Center, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $32.82. The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement, currently Lawrence Correctional Center, is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Stateville trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that plaintiff is transferred to another facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint, which alleges:

On January 10, 2012, while detained at Cook County Jail, Correctional Officer Leather punched Plaintiff in his face. While Plaintiff was attempting to defend himself from Officer Leather's attack, Correctional Officer Atkins entered Plaintiff's cell and kicked Plaintiff in the face, causing Plaintiff to lose consciousness. When Plaintiff regained consciousness, he was handcuffed and getting punched and kicked by multiple correctional officers. Plaintiff lost consciousness again and awoke in holding cell. Plaintiff's injuries went untreated for several hours and when he was finally taken to see a nurse, the correctional officer used excessive force on Plaintiff. Plaintiff was placed in another holding cell and was not seen by a nurse for several more hours. Once seen by the nurse, Plaintiff was taken to the hospital due to his extensive and serious injuries. Following a day in the hospital, Plaintiff was taken back Cook County Jail where he was placed in a filthy cell. Plaintiff was denied any cleaning supplies and became infected with scabies. Plaintiff also had a boil become infected while in the filthy cell. These allegations must be taken as true for

purposes of this review.

Plaintiff names Correctional Officers Leather and Atkins, Superintendent Moreci, Tom Dart, and Cook County Jail as Defendants. Cook County Jail is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304 (7th Cir. 1993). As to Sheriff Dart and Superintendent Moreci, Plaintiff makes no allegations against either in his complaint. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594; *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). Furthermore, an individual is only liable in his official capacity under Section 1983 if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Plaintiff does not make any allegations of personal involvement as to Sheriff Dart or Superintendent Moreci.

Furthermore, Plaintiff has not alleged an official capacity claim against Sheriff Dart or Superintendent Moreci. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not plead a policy, custom, or practice to hold the supervisory officials liable in their official capacity. Thus, Plaintiff has failed to allege any claims against these supervisory Defendants and they are dismissed from this action without prejudice.

Plaintiff has sufficiently pled a claim against Leather and Atkins for the alleged excessive force and failure to provide medical treatment. Plaintiff does not indicate who denied him cleaning supplies and who was involved in Plaintiff's stay in the filthy cell. Accordingly, any claims regarding the alleged filthy cell and resulting medical issues are dismissed without prejudice. The Clerk shall issue summonses for service of the complaint on Defendants Leather and Atkins.

The United States Marshals Service is appointed to serve Defendants Leather and Atkins. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Cook County Jail employee who can no longer be found at the work address provided by Plaintiff, Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.